

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/4/2024
```

**Jeffrey A. Beer Jr.**
Partner

Direct:
t: 973.451.8429
f: 973.538.1984
jbeer@riker.com

Headquarters Plaza
One Speedwell Avenue
Morristown, NJ 07962-1981

November 27, 2024

**VIA ECF**
Honorable Margaret M. Garnett, U.S.D.J.
United States District Court
Southern District of New York
40 Foley Square, Room 2102
New York, NY 10007

Re:   **U.S. Specialty Insurance Company v. Lead Name of Certain Underwriters at Lloyd's London Subscribing to Policy No. 10268L17023 and a Corresponding Excess Policy**
       **Civil Action No.: 1:23-cv-08250-MMG**

Dear Judge Garnett:

We represent Plaintiff U.S. Specialty Insurance Company ("USSIC"). We write in accordance with Your Honor's Individual Practice Rules seeking a protective order, pursuant to Federal Rule of Civil Procedure 26(c), prohibiting Defendant Lead Name of Certain Underwriters at Lloyd's London Subscribing to Policy No. 10268L17023 and a Corresponding Excess Policy ("Defendant") from taking the deposition of a representative of USSIC because the topics on which Defendant seeks to depose a representative from USSIC lack any relevant connection to the claims and defenses in this matter, and the deposition appears to be intended solely to harass USSIC and needlessly increase the costs of litigating the instant case.

### FACTUAL BACKGROUND

This is an insurance coverage dispute related to three underlying property damage actions (together, the "Underlying Actions"), which concern damage to neighboring properties that allegedly occurred during the construction of the building located at 302 East 96th Street, New York, NY 10128 (the "302 Project"). USSIC's named insured, Wonder Works Construction Company ("Wonder Works") served as the general contractor for the 302 Project, while Forthill Construction Corp. ("Forthill") was a subcontractor retained by Wonder Works to perform superstructure and foundation work at the project. The complaints filed in the Underlying Actions assert claims against numerous defendants, including Wonder Works and Forthill, and each respectively allege that substantial damages were incurred to the buildings adjacent to the 302 Project as a result of construction activities performed at the project.

Certain Underwriters at Lloyds of London ("Lloyds") issued a primary general liability policy to Forthill (the "Lloyds Policy"), and a corresponding excess policy (the "Lloyds Excess Policy"). Defendant is an entity subscribed to the Lloyds Policy and the Lloyds Excess Policy (together, the

Honorable Margaret M. Garnett, U.S.D.J.
November 27, 2024
Page 2

"Lloyds Policies"). This litigation concerns whether Lloyds owes coverage to Forthill as a named insured, and/or to Wonder Works as an additional insured, under the Lloyds Policies for the claims asserted in the Underlying Actions. See ECF No. 39.

Defendant, for its part, has maintained the position that there is no coverage for these claims because notice of the Underlying Actions was not timely provided, causing prejudice to Defendant. ECF No. 24 at 3–4.

Defendant propounded a Notice of Deposition pursuant to Fed. R. Civ. P. 30(b)(6) seeking the testimony of a representative of USSIC. See Exhibit A. In multiple telephone conversations, concluding with one on November 19, 2024, between the undersigned and counsel for Defendant (Jason H. Seiler, Esq. and Corey M. Cohen, Esq.), we explained that the topics on which Defendant seeks to depose USSIC are not relevant to the issues in this case, namely, whether Defendant was prejudiced by the timing of notice of the Underlying Actions. This position was reiterated in an email dated November 14, 2024. Exhibit B.

While Defendant ostensibly considered USSIC's position, ultimately Defendant is insisting upon the taking the deposition of USSIC. As explained in the November 19, 2024, telephone call, Defendant intends to ask USSIC about its claims files and the documents maintained therein.

## LEGAL ARGUMENT

Pursuant to Federal Rule of Civil Procedural 26(c), the Court has broad discretion to determine "when a protective order is appropriate and what degree of protection is required." Duling v. Gristede's Operating Corp., 266 F.R.D. 66, 71-72 (S.D.N.Y. 2010) (internal citations omitted). The Rule expressly contemplates protective orders upon a showing of good cause to prevent "annoyance, . . . oppression, or undue burden or expense." Gambale v. Deutsche Bank AG, 377 F.3d 133, 142 (2d Cir. 2004) (citing Fed. R. Civ. P. 26(c)). In reviewing a Rule 30(b)(6) deposition notice, the court should consider "whether the topics are proportional to the needs of the case, not unduly burdensome or duplicative, and described with reasonable particularity." Wilmington Tr., Nat'l Ass'n v. Samcom 48 (DE) LLC, No. 22-CV-2720 (RPK) (RLM), 2022 U.S. Dist. LEXIS 232565, at *4–5 (E.D.N.Y. Dec. 28, 2022) (quoting DDK Hotels, LLC v. Williams-Sonoma, Inc., No. 19 CV 226 (ILG) (CLP), 2022 U.S. Dist. LEXIS 126008, at *5 (E.D.N.Y. Feb. 11, 2022)). "Reasonable particularity" requires the noticing party to describe a relevant subject area with "painstaking specificity." Id. "Where the topics are vaguely worded, seek irrelevant information, or are so overly broad as to make it impossible for the responding party to prepare its witness, courts may strike the topics." DDK Hotels, LLC, 2022 U.S. Dist. LEXIS 126008, at *5; see also Fung-Schwartz v. Cerner Corp., No. 17-CV-0233 (VSB) (BCM), 2020 U.S. Dist. LEXIS 160262, at *2–4 (S.D.N.Y. Sep. 2, 2020) (finding topics overbroad, disproportional to the needs of the case and lacking the necessary particularity required to prepare the 30(b)(6) witness; Izzo v. Wal-Mart Stores, Inc., No. 15 CV 01142, 2016 U.S. Dist. LEXIS 12210 at *15–16 (D. Nev. Feb. 2, 2016) (granting protective order where topics were overbroad and sought irrelevant information). "Similarly, topics inquiring into the mental processes and strategies of the noticed party or seeking to access privileged information are improper." DDK Hotels, LLC, 2022 U.S. Dist. LEXIS 126008, at *6.

Honorable Margaret M. Garnett, U.S.D.J.
November 27, 2024
Page 3

Without exception, the Fed. R. Civ. P. 30(b)(6) deposition topics proposed by Defendant seek testimony that is patently irrelevant to any claim or defense at issue in this case. See Exhibit A. Defendant seeks to take testimony concerning the identity of the individual that notified USSIC of the Underlying Actions, when USSIC learned of the Underlying Actions, and of USSIC's own investigation, if any, into the damages at issue in the Underlying Actions. Id. at ¶¶ 1, 2, 6. But none of this information is relevant to *Defendant's* claim that it was prejudiced. Indeed, no USSIC representative can speak to Defendant's claim of prejudice.

To the extent Defendant seeks to take USSIC's deposition based on the pretext that it intends to inquire as to when USSIC first gave notice to Defendant, that argument does not fly because there is no dispute as to when notice by USSIC was provided; the documents speak for themselves. Id. at ¶¶ 7–8.

The deposition notice also includes topics concerning who, how, why, and when USSIC made the determination to tender the Underlying Actions to Lloyds on Wonder Works' behalf. Similarly, Defendant seeks to inquire as to USSIC's own coverage position as to insured, and communications between USSIC and others concerning the Underlying Actions or Lloyds' own coverage position, none of which bear on the application of the Lloyds Policies or Defendant's prejudice arguments. Id. at ¶¶ 9–11. Finally, Defendant seeks to take testimony on USSIC's "coverage positions," "claim files," and "claim notes." Id. at ¶¶ 12–13.

Here again, none of this information has any bearing on Defendant's claim of prejudice (notwithstanding that the topics also appear to seek privileged information). Id. at ¶¶ 3–5. The topics also lack the requisite specificity. To be sure, Defendant's counsel was not able to explain to counsel for USSIC how the deposition topics related to the claims and defenses at issue in this litigation. Neither, then, could USSIC possibly be able to prepare a witness to testify regarding the broad, unspecified topics that appear unconnected to the issues of the case.

It should be noted that many of Defendant's proposed topics unabashedly and impermissibly seek information pertaining to privileged information and/or the litigation strategies of USSIC. See id. at ¶¶ 3–5, 9–12; see also DDK Hotels, LLC, 2022 U.S. Dist. LEXIS 126008, at *6 ("topics inquiring into the mental processes and strategies of the noticed party or seeking to access privileged information are improper."). For these reasons, the testimony sought by Defendant is irrelevant and otherwise improper, and USSIC respectfully requests that an appropriate protective order barring the taking of same be issued.

Respectfully submitted,

/s/ Jeffrey A. Beer Jr.
Jeffrey A. Beer Jr.
Enclosures

cc: All Counsel of Record (via ECF)

4912-2131-9937, v. 1

---

The Court is in receipt of Plaintiff's letter-motion at Dkt. No. 41 and Defendant's response at Dkt. No. 42. In light of the approaching deadline for the close of fact discovery on December 6, 2024, counsel for both parties are ORDERED to appear for a video conference via Microsoft Teams before the Court on **Thursday, December 5, 2024, at 11:30 a.m.** The Teams information is listed below. Counsel are referred to Rule II(A)(2) of the Court's Individual Rules regarding remote conferences.

**Teams Meeting ID**: 211 537 737 424 // **Passcode**: fA7Yo7BY

SO ORDERED. Date 12/3/2024

HON. MARGARET M. GARNETT
U.S. DISTRICT JUDGE