> The Court is in receipt of the parties' letters at Dkt. No. 47 and Dkt. No. 52. Counsel for all parties are directed to appear for a video conference via Microsoft Teams on **Thursday, January 23, 2025, at 10:30 a.m.**, to discuss the discovery disputes. The Teams information is below. The Clerk of Court is directed to terminate Dkt. No. 47.
>
> **Meeting ID: 276 135 056 809 // Passcode: ZU3vf3hw**
>
> SO ORDERED.  Date 1/16/2025
>
> HON. MARGARET M. GARNETT
> U.S. DISTRICT JUDGE

**Riker Danzig LLP**
ATTORNEYS AT LAW

**Jeffrey A. Beer Jr.**
Partner

Direct:
t: 973.451.8429
f: 973.538.1984
jbeer@riker.com

Headquarters Plaza
One Speedwell Avenue
Morristown, NJ 07962-1981

January 14, 2024

**VIA ECF**

Honorable Margaret M. Garnett, U.S.D.J.
United States District Court, Southern District of New York

Re: **U.S. Specialty Insurance Company v. Lead Name of Certain Underwriters**
      **Civil Action No.: 1:23-cv-08250-MMG**

Dear Judge Garnett:

We represent Plaintiff U.S. Specialty Insurance Company ("USSIC") in the above-referenced matter. Please accept the following in response to Defendant's motion pertaining to discovery disputes per Section II(A)(6) of the Your Honor's individual rules.

***First, Defendant's motion for a protective order should be denied.*** Defendant seeks to be shielded from producing information related to whether the limits of the insurance policies at issue in this case are exhausted. This information is highly relevant, as a seminal issue in this case is whether Defendant owes indemnity under its policies. On December 13, 2024, Defendant sent a letter indicating—for the first time—that the limits of its policies may be exhausted such that indemnity is not available under the policies. Defendant cannot have it both ways. If Defendant wishes to rely on the exhaustion of the policy limits as a defense to USSIC's claim for indemnity, then it must provide information relevant to that defense.

Further, Defendant's claim that USSIC's request for this information is untimely is absurd. USSIC first learned of the potential exhaustion of the subject policies on December 13, 2024, *after* completing the deposition of Defendant's TPA, Athens Administrators, on December 5, 2024. See Exhibit A. USSIC was unaware of the potential exhaustion until that time, as no documentation to that effect had been produced by Defendant or Athens in response to USSIC's discovery demands in this case, despite that information certainly being responsive to USSIC's discovery demands. USSIC reiterated its request for this information just two business days after receiving the December 13, 2024 letter.

Defendant should also not be excused from a providing a proper privilege log that complies with Local Civil Rule 26.2(a)(2). Defendant describes the routine process of providing this basic information as "painstaking" and labelled USSIC's request "a bad faith effort to unreasonably delay this case." Contrary to Defendant's representations, USSIC made timely and repeated requests for this basic information, including by letter dated September 20, 2024. See Exhibit B; Bowne of New York City, Inc. v. AmBase Corp., 150 F.R.D. 465, 474 (S.D.N.Y. June 3, 1993) (explaining a

MORRISTOWN ■ TRENTON ■ NEW YORK CITY
www.riker.com

Honorable Margaret M. Garnett, U.S.D.J.
January 14, 2025
Page 2

privilege log should "identify each document and the individuals who were parties to the communications, providing sufficient detail to permit a judgment as to whether the document is at least potentially protected from disclosure."); United States v. Adlman, 68 F.3d 1495, 1499 (2d Cir. 1995) (holding the party asserting privilege carries the burden of proving its applicability). Defendant has simply refused to produce this material, and now seeks Court approval for its failure to do so. It is respectfully requested that the court compel Defendant to provide a proper log so that USSIC can evaluate Defendant's claim of privilege.

**Second, Defendant's requests to compel production should be denied.** As an initial matter, USSIC previously produced more than 9,000 pages of documents, including a production on November 1, 2024, consistent with the Court's prior scheduling order. At Defendant's request, USSIC has redoubled its efforts to ensure that all documents in its possession have been produced or indicated on its privilege log. USSIC anticipates supplementing its production shortly (hopefully by the close of business tomorrow, January 15, 2024). The supplemental production is largely duplicative of USSIC's prior productions, and none of the documents to be supplementally produced are relevant to the issues in dispute in this litigation. Nevertheless, USSIC is producing them in the spirit of cooperation and to bring discovery in this matter to completion.

With the supplemental production, USSIC can confirm that all documents in its possession in any way relevant to this action or the underlying litigations will have been produced or placed on the privilege log. It is unclear what more Defendant is asking for from USSIC. Indeed, USSIC is under no obligation to obtain additional documents from the underlying litigation on Defendant's behalf from the parties' mutual insured's defense counsel. Shcherbakovskiy v. Da Capo Al Fine, Ltd., 490 F.3d 130, 138 (2d Cir. 2007) ("[A] party is not obliged to produce . . . documents that it does not possess or cannot obtain . . . . [A] party also need not seek such documents from third parties if compulsory process against the third parties is available to the party seeking the documents."). What is in USSIC's possession has been, or will imminently be, produced.

Similarly, the prior productions and the forthcoming supplemental production include all defense counsel invoices in USSIC's claims files, although USSIC notes that i) the defense costs continue to accrue, and ii) the invoices are not relevant to whether Defendant owes a defense to WWC. As such, when the Court adjudges that Defendant owed a defense to WWC, USSIC will provide at that time the total amount of past defense costs for which it is owed reimbursement.

The same is true as to Defendant's demand for copies of the "claim notes" and "communications between Plaintiff and their [sic] third-party administrator, Network Adjusters." All such documents are or will be produced or placed on the privilege log. There is nothing more for USSIC to do.

Finally, Defendant seeks to compel the production of "defense counsel reports" relating to the several underlying litigations. USSIC identified such reports on its privilege log, and Defendant has not even attempted to show why such reports are not privileged and protected from disclosure. Per Fed. R. Civ. P. 26(b)(3)(A), "a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial" absent a demonstration of

Honorable Margaret M. Garnett, U.S.D.J.
January 14, 2025
Page 3

"substantial need" and "undue hardship."  <u>See also</u> <u>R.R. Salvage of Conn., Inc. v. Japan Freight Consolidators (U.S.A.), Inc.</u>, 97 F.R.D. 37, 40–41 (E.D.N.Y. 1983) ("Reports from the insured to its insurance carrier . . . are part of attorney's 'work product' and are precluded from discovery."). No such showing has been made.  Indeed, such a showing is not possible, because the underlying defense counsel reports are irrelevant to a determination of Defendant's coverage obligations. Further, USSIC notes that Defendant has been aware that USSIC was withholding defense counsel reports from its production since at least November 1, 2024, and yet did not seek to compel their disclosure until now, and has supplied no authority suggesting these documents are *not* protected from disclosure.  As such, Defendant has waived any right to challenge USSIC's assertion of privilege over the reports.

***Third, USSIC has only objected to Defendant's deposition topics to the extent that the topics go beyond the scope of the Court's prior order.***  In response to USSIC's motion for a protective order, the Court previously limited the permissible scope of a deposition of USSIC to: (1) "how and when [USSIC] received notice of the insurable events;" (2) "what steps [USSIC] took after receiving such notice, including any requests to insured parties to notify the Defendant, and (3) "other topics relevant to this action."  Notably, this was consistent with Defendant's opposition to the prior motion, where Defendant argued that a deposition was necessary to explore "(1) the timing of initial notice (inclusive of the claims files and relevant coverage positions) *to USSIC* . . . ; (2) the nature of the investigation into the underlying claims. . . ; and (3) the efforts taken by USSIC to actually notice the claim to Underwriters on WWC's behalf."  Defendant then issued a revised 30(b)(6) notice that included many more topics than were allowed by the Court, or even referenced by Defendant as a necessary topic for the deposition.  Defendant now seeks a second bite at the apple, seeks to do an end-run around the Court's prior order, and seeks to expand the deposition topics.  The topics in the revised notice are difficult to interpret, but as indicated in its December 17, 2024 letter, USSIC objects to Defendant's topics only insofar as the topics go beyond the scope of the Court's prior order (and USSIC has even agreed to produce a witness as to two additional topics).

The permissible scope of the deposition has already been determined by the Court; to the extent the topics go beyond those already allowed by the Court, the topics seek irrelevant information for the reason expressed in USSIC's motion for a protective order, which the Court granted in part.  Defendant should proceed with the deposition consistent with the Court's prior order.[1]

Respectfully submitted,

/s/ *Jeffrey A. Beer Jr.*
Jeffrey A. Beer Jr.
cc:         All counsel of record (via ECF)                                  4918-8118-6829, v. 5

---

[1] USSIC is constrained to note that Defendant's letter is replete with *ad hominem* attacks and unfounded accusations that USSIC has engaged in "retaliatory" tactics, gamesmanship, or other "frivolous" or "bad-faith" conduct.  The tenor of Defendant's letter is unfortunate, but USSIC will not burden the Court with a response other than that it vehemently disagrees with Defendant's characterizations.  The record shows that USSIC has proceeded in good faith and the spirit of cooperation inherent in the Federal Rules of Civil Procedure and the practice of law.